## White Oak Global Advisors, LLC v Scopetta

2025 NY Slip Op 31351(U)

April 18, 2025

Supreme Court, New York County

Docket Number: Index No. 652992/2024

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

WHITE OAK GLOBAL ADVISORS, LLC,

Plaintiff,

- v -

GEORGE M. SCOPETTA, MORGAN L. SWING,

Defendants.

-----------------------------------------------------------------------X

**INDEX NO.**       652992/2024

**MOTION DATES**       02/21/2025, 03/13/2025, 03/19/2025

**MOTION SEQ. NOS.**       005 006 007

**DECISION + ORDER ON MOTIONS**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 106–111, 113, 150 were read on this motion to/for <u>SEAL</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 119, –125, 136–138, 151 were read on this motion to/for <u>SEAL</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 007) 126, 127, 131–134, 139, 140, 141, 152 were read on this motion to/for <u>SEAL</u>.

Before the Court are three motions to seal related to three documents.  In Motion Sequence Number 005, Plaintiff White Oak Global Advisors, LLC ("Plaintiff") moves to seal the Board Consent Resolution (NYSCEF Doc. No. 96), Prime Membership Interest Purchase Agreement ("MIPA") (NYSCEF Doc. No. 100), and Dalto Valuation (NYSCEF Doc. No. 101) (collectively, "Confidential Documents"); and to redact portions of its Memorandum Of Law In Support Of Plaintiff's Motion To Dismiss Defendant George Scopetta's Amended Counterclaims And Affirmative Defenses and the Bronowski Affirmation (NYSCEF Doc. Nos. 102, 103) pursuant to the redacted versions of said documents (NYSCEF Doc. Nos. 82 and 83).  Plaintiff seeks to redact the Memorandum of Law and Bronowski Affirmation to the extent that they incorporate confidential information from the Confidential Documents. Defendant Scopetta ("Scopetta") opposes the motion.

The parties entered into a Stipulation And Order For The Production And Exchange Of Confidential Information ("Confidentiality Order").  NYSCEF Doc. No. 47.  "Confidential" information is defined as information "contain[ing] trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business

**652992/2024   WHITE OAK GLOBAL ADVISORS, LLC vs. SCOPETTA, GEORGE M ET AL**
**Motion No.  005 006 007**

**Page 1 of 4**

of any of that Party's or non-party's customers or clients." Confidentiality Order at §3(a). Plaintiff designated the Board Consent Resolution, MIPA, and Dalto Valuation as "Confidential" and produced them to Defendants accordingly. While courts may consider stipulated protective orders when making decisions about sealing documents, such orders are not dispositive nor do they relieve this Court of its obligation to determine whether the movant has established good cause under 22 NYCRR § 216.1(a).

In Motion Sequence Numbers 006 and 007, Defendant Scopetta moves to provisionally redact portions of its Memorandum Of Law In Opposition To White Oak Global Advisors, LLC's Motion To Dismiss The Amended Counterclaims And Affirmative Defenses (NYSCEF Doc. Nos. 112, 114) because the redacted material is derived from the MIPA and Dalto Valuation, which are documents marked and produced as "Confidential" pursuant to the Confidentiality Order, and for which Plaintiff's motion to seal is *sub judice*. Plaintiff submitted Memoranda of Law In Support of Defendant's Motions to Seal. NYSCEF Doc. Nos. 136, 139.

Pursuant to § 216.1(a), the Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." "There is a presumption that the public has the right of access to the courts to ensure the actual and perceived fairness of the judicial system, as the 'the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud.'" *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 501 (2d Dept. 2007) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991)). "The public right to access, however, is not absolute." *Mosallem v. Berenson*, 76 A.D.3d 345, 349 (1st Dept. 2010). "Although the rule does not further define 'good cause,' a standard that is 'difficult to define in absolute terms,' a sealing order should rest on a 'sound basis or legitimate need to take judicial action,' a showing properly burdening the party seeking to have a sealed record remain sealed." *Danco Lab'ys, Ltd. v. Chem. Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 8 (1st Dept. 2000) (internal citations omitted).

Courts have routinely held that, in the business context, a negative impact as to a movant's ability to conduct business or participate in negotiations is sufficient to warrant sealing. *See, e.g., Mosallem*, 76 A.D.3d at 350 ("we have allowed for sealing where trade secrets are involved, or where the release of documents could threaten a business's competitive advantage") (internal citations omitted); *Mavel, a.s. v. Rye Dev., LLC*, 79 Misc. 3d 1231(A) (N.Y. Sup. Ct. 2023); *People v. Leasing Expenses Co. LLC*, 73 Misc. 3d 1207(A) (N.Y. Sup. Ct. 2021). Courts have further held that sealing is appropriate to warrant protection of third-party names, contact information, and private financial information. *See MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2013 WL 450030, at *3–4 (N.Y. Sup. Ct. Jan. 3, 2013) (quoting *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 502 (2d Dept. 2007) ("disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein.").

Plaintiff argues that good cause exists to seal the Confidential Documents because they contain confidential and/or propriety business and financial information belonging to Plaintiff and/or certain non-parties to this action that is not publicly available. Specifically, the Board Consent Resolution reveals the identity of a potential third-party buyer, the disclosure of which could prejudice Plaintiff and Third-Party Respondents Prime Plastic Surgery Management LLC

652992/2024  WHITE OAK GLOBAL ADVISORS, LLC vs. SCOPETTA, GEORGE M ET AL                Page 2 of 4
Motion No.  005 006 007

2 of 4

("Prime") and PPS MSO Holdings LLC (PPS), and the potential third-party buyer as to future negotiations. The Court observes that the Board Resolution contains no propriety business or financial information, let alone any sensitive information as to the negotiations with the potential third-party buyer. Accordingly, the Court grants Plaintiff's application only to the extent of redacting the name of the potential third-party buyer. *See MBIA Ins. Corp.*, 2013 WL 450030, at *3–4.

Plaintiff further seeks to seal the Dalto Valuation, dated August 29, 2024, because it contains proprietary, non-public financial information and performance metrics for PPS, and an appraisal value of Prime's membership interests, which were sold in a public UCC-Article 9 sale. The purpose of the Dalto Valuation is "for White Oak Global Advisors [ ] to supplement their understanding of value for an upcoming Article 9 sale of the Company's assets in August 2024." NYSCEF Doc No. 100 at 3. Plaintiff argues that disclosure of such material could prejudice PPS and the new owner of Prime's membership interests, and the new owner's ability to sell Prime's membership interests in the future. Plaintiffs seek that the Court impose a wholesale sealing of the Dalto Valuation without any reference to or identification of the—for example—proprietary or trade secret information that might harm their current competitive standing in the marketplace, *see, e.g., Mosallem*, 76 A.D.3d at 350; or specific third-party personal or financial information, *see, e.g., MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2013 WL 450030, at *3 (N.Y. Sup. Ct. Jan. 3, 2013) (quoting *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 502 (2d Dept. 2007)). Plaintiff also does not submit any client affidavit based on personal knowledge that would enable this Court to determine whether the purported information is commercially sensitive. *See Mosallem*, 76 A.D.3d at 352.

The Dalto Valuation served as the basis of a public Article 9 sale that has already occurred, and was therefore based on historical financial information. Plaintiff does not address how the information contained in the Dalto Valuation for a public sale that has already occurred would threaten PSP's ability to do business or participate in future negotiations, and/or that of the potential new owner of Prime's membership interests. Rather, such information is "historical" such that "it can lose its confidential status." *Mancheski*, 867 N.Y.S.2d 17 (Sup. Ct. 2006) (denying sealing where information was historical in nature and would not compromise current business strategies). Accordingly, the Court denies the request to seal the Dalto Valuation.

Third, Plaintiff seeks to seal the MIPA, which memorializes the sale of Prime's membership interests, including the purchase price, payment structure, and other terms of sale. First, the MIPA memorializes a sale pursuant to a public auction. *See* NSYCEF Doc. No. 113 (Def. Mem of Law) at 5–6. Second, Plaintiff makes no effort to identify what information is commercially sensitive and/or propriety such that good cause can be established. Third, the MIPA appears to be a standard agreement that contains boilerplate provisions—there is no basis to seal the document in its entirety and Plaintiff has not proposed any targeted redactions. *Danco Lab'ys, Ltd.*, 274 A.D.2d at 8 ("Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" ). Accordingly, the Court denies the application to seal the MIPA.

In light of the foregoing, the Court grants the request to redact portions of the Memorandum of Law and Bronowski Affirmation solely to the extent that they identify the potential third-party

652992/2024   WHITE OAK GLOBAL ADVISORS, LLC vs. SCOPETTA, GEORGE M ET AL          Page 3 of 4
Motion No.  005 006 007

3 of 4

[* 3]

buyer referenced in the Board Consent Resolution. Likewise, the Court grants Motion Sequences 006 and 007 to the extent that they identify the potential third-party buyer referenced in the Board Consent Resolution.

Accordingly, it is hereby

**ORDERED** that the parties' Motions to Seal (Mot. Seq. 005, 006, 007) are GRANTED solely to the extent that documents may be redacted to protect the identity of the potential third-party buyer referenced in the Board Consent Resolution, and all other relief sought is otherwise DENIED; and it is further

**ORDERED** that the parties shall refile NYSCEF Doc. Nos. 96, 100, 101, 102, 103, 112, and 114 with limited redactions as directed herein on or before April 25, 2025; and it is further

**ORDERED** that this Decision shall not be construed as sealing any document at trial, nor as preclusive of any determination of any claims that some or all of these documents are privileged; and it is further

**ORDERED** that as it relates to future submissions, made by any party, that contain subject matter that the court has authorized to be sealed by this Decision and Order, **parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed under seal.

The foregoing constitutes the Decision and Order of the Court.

20250418115228ARPATEL44C245BE73CC4DFC9AE8F23983085A9D

| 4/18/2025 | | ANAR R. PATEL, A.J.S.C. |
|-----------|---|-------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|---|----------------------|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]